Deadeeick, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted, at the November Term, 1868, of the Criminal Court of Greene county, for an assault and battery upon one Samuel Lane.
At March Term, 1869, he entered a motion to quash the indictment, which, upon argument, was overruled.
At the July Term, 1869, the plaintiff in error filed a plea of former conviction; and at; November Term, 1869, the cause, having been regularly reached, was tried by a jury upon the plea of “not guilty/’ which resulted in the conviction of the defendant.
A rule for a new trial was entered, and in support of the motion the defendant made an affidavit setting forth that his attorney, J. C. Beeks, had put in the said plea of former conviction for him, upon which no issue had been taken; that when the cause was called for trial said attorney was engaged in the Chancery Court sitting in another room of the Court-house; that James Britton, whom he had employed in the case recently before it was called, put in a plea of “not guilty,” and went into the trial of it before his first named counsel returned into the Criminal Court room.
Jas. C. Beeks, Esq., the counsel named, also made affidavit sustaining defendant’s statements, and adds that the trial was proceeding when he came into the court room, he was informed the case on trial was for another *22 assault upon the same prosecutor, and did not discover the mistake until one witness was examined.
The court refused to grant a new trial; thereupon the defendant below filed the following reason in arrest of judgment:
“ That the indictment in this case does not show that the grand jurors found the same, upon their oath, as grand jurors/’ which was overruled by the court, and judgment pronounced; whereupon the defendant appealed in error to this court.
It is insisted that the court below erred in not granting a new trial, for the reasons disclosed in the affidavit of the plaintiff in error and his counsel.
No issue had been taken upon the plea of former conviction, or other disposition made of it at the time at which the cause was called for trial, and the trial was had upon the plea of “not guilty.”
The defendant and his counsel were bound to know and to take notice of the pleadings which were on file in the case; and going to trial upon the plea of “not guilty” alone was a waiver of the defense of “'former conviction.”
The objection taken to the indictment upon the motion to quash, and in the reason in arrest of judgment, is, that it does not show that the grand jurors acted upon oath.
The indictment is as follows:
“State of TENNESSEE, GreeNe CouNty — CrimiN&l Court, First Judicial CRIMINAL District— November Term, 1868.
The Grand Jurors for the State, being duly sum *23 moned, elected, empanelled, sworn and charged to inquire for the body of the county aforesaid, present and say ,” &c., proceeding in the usual form.
It is insisted that the indictment should recite that the grand jurors, “ On their oath aforesaid, present and say,” &o.
These words are the commencement of the indictment proper, while the preceding recitals more properly constitute the substantial parts of the English caption, which have by usage become incorporated with and a part of the indictment itself, by our practice: 1 Hum. 388.
In England indictments are found by inferior courts, and transmitted for trial to the Court of King’s Bench.
The inferior court sends up with the indictment a formal history of the proceedings, describing the court before which the indictment was found, the jurors by whom and the time and place w’hen and w’here it was found. This history of the proceedings of the inferior court is called the caption, and is entered of record immediately before the indictment: 1 Bishop on Crim. Pro., § 146; 1 Chitty Cr. Law, 267-8.
Consequently the caption is that part .of the record which comprehends the judicial history of the cause to the time of finding the indictment.
_ In our State the indictment is found in the same court in which the defendant who may be indicted, is tried.
The record of the court at each term shows when and where it was held, who were the grand jurors; that they were “summoned, elected, empanelled, sworn, *24 and charged,” &o., and these facts are .always set out in the transcript of the record in every criminal cause brought up to this court from the Criminal or Circuit Courts by appeal or writ of error, and when so sent up constitute what is technically termed the caption of the indictment: 1 Hum., 387; 8 Yer., 514; 9 Hum., 119.
And it has been held that it is not necessary to the validity of an indictment that it should appear in the caption that the jury were sworn if it so appears in the body of the indictment: 1 Yer., 206; 1 Hum., 386.
It was expressly held, in the case of McClure v. The State, 1 Yer., 206, that the “recital in the indictment that the grand jurors were elected, empanelled, sworn and' charged, will be sufficient,” even if the caption omit to state they were sworn; And this case was reviewed and approved in the subsequent ease of Long v. The State: 1 Hum., 386.
In the case of Johnson v. The State, it was objected to the indictment that it did not show that it was found by the oaths of twelve men. The court held that the caption showed that fact, and that it was not necessary to repeat it on the face of the indictment. M. & Y., 129.
We hold that it is necessary that an indictment should show upon its face that it is made upon the oath of the grand jury, and that the averments contained in the one under consideration do sufficiently aver that fact.
Let the judgment of the Criminal Court be affirmed.